# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

STACY TAYLOR,                           )
                                        )
                        Plaintiff,      )
                                        )
vs.                                     )          Case No. 1:14-cv-0481-TWP-DML
                                        )
UNITED STATES OF AMERICA, et al.,       )
                                        )
                        Defendants.     )


### Entry Directing Further Proceedings

The plaintiff, Stacy Taylor, is incarcerated at the Grayson County Detention Center in Leitchfield, Kentucky. His initial filing in this action was treated a civil rights complaint because the only way to commence a civil action in district court is to file a complaint. *See* Rule 3 of the *Federal Rules of Civil Procedure.*

In that filing, Mr. Taylor alleges that in February of 2010 he was issued a 18:3521 protection agreement as a paid informant by CIA Agent Michael Hayes. He alleges the agreement was signed by Eric Holder. He names as defendants the United States of America, the U.S. Attorney's Office, the District Western FBI Office, the District Western Secret Service Washington, D.C., U.S. Marshal's Office, District Western Attorney Larry Simon, and Former Judge Jennifer Coffman. Mr. Taylor requests that the Court conduct a hearing at which he could publicly turn over his asserts and evidence, including files, photographs, and videos.

In a subsequent letter filed on April 16, 2014, the plaintiff reports that he does not seek money damages. He only wants to turn over his evidence in a court of law. It is unclear whether the April 16, 2014, filing is Mr. Taylor's request that the action not proceed as a civil rights

action. The Court is not a place wherein an individual may simply deposit evidence. Evidence is received in litigation only at appropriate times during the development of a case.

Mr. Taylor has paid the initial partial filing fee. Typically, the Court would next screen the complaint as required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In this instance, however, the Court will not conduct the screening until it receives clarification from Mr. Taylor.

Mr. Taylor shall have **through June 13, 2014,** in which to **report** either that 1) he wishes to have the Court screen the complaint, or 2) in light of the fact that he cannot use this action to simply submit evidence, he wishes to dismiss the action with or without prejudice.

**IT IS SO ORDERED.**

Date: _05/20/2014_ _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Stacy Taylor
#212148
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, KY  42754