UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-0481-TWP-DML |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

**I.     Screening**

The plaintiff, Stacy Taylor, has responded to the Court's orders and has requested that the Court screen his complaint rather than voluntarily dismiss the action.

Mr. Taylor is a prisoner and therefore the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Taylor alleges that in February of 2010 he was issued a 18 U.S.C. § 3521 protection agreement, signed by Eric Holder, as a paid informant by CIA Agent Michael Hayes. He names as defendants 1) the United States of America, 2) the U.S. Attorney's Office, District Western, 3) the FBI Office, District Western, 4) the Secret Service Washington, D.C., 5) U.S. Marshal's Office, Western District, 6) attorney Larry Simon, and 7) former Judge Jennifer Coffman. Mr. Taylor requests that the Court conduct a hearing at which he could publicly turn over his assets and evidence, including files, photographs, and videos.

Mr. Taylor alleges that he has valuable evidence of corruption and he has caught individuals in acts of terrorism, treason, trafficking, theft, and espionage. He alleges he has attempted to report such information to the defendants but he has been ignored. He states that in August of 2010, he was ordered as part of his agreement to turn over all funds from illegal activity in the United States by Irish Republican Army members and other individuals who were involved in online pharmacy and drug trafficking. He alleges that the defendants have violated his 18 U.S.C. § 3521 Agreement, which he contends is a terrorist act.

Mr. Stacy's complaint fail to state a claim upon which relief can be granted, for several reasons. First and most important, the Court lacks subject matter jurisdiction over his claims. If the Attorney General terminates an individual's protection provided under the Justice Department's Witness Relocation and Protection Program, 18 U.S.C. § 3521, such decision is not subject to judicial review. 18 U.S.C. § 3521(f); *J.S. v. T'Kach,* 714 F.3d 99, 104 (2d. Cir. 2013) (district court lacks subject matter jurisdiction over challenge to termination of witness protection); *Boyd v. T'Kach,* No. 01-1124, 26 Fed.Appx. 792, 794 (10th Cir. Nov. 15, 2001) (district court lacks jurisdiction to review Attorney General's decision to remove an individual from, or to grant request to continue in or return to, Witness Protection Program). The plaintiff argues that the

defendants violated his Witness Protection agreement, and the Court has no power to consider such a claim.

Next, the United States is immune from suit unless it has consented to be sued with specific statutory consent. Because the Court cannot discern any basis on which the United States has waived its sovereign immunity with respect to the plaintiff's allegations, the claim against the United States is barred. *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999); *United States v. Mitchell,* 445 U.S. 535, 538 (1980).

In addition, several of the defendants, U.S. Attorney's Office, FBI Office, U.S. Marshal's Office, Secret Service, are not suable entities. *Blackmar v. Guerre,* 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine,* it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."); *Dillard v. U.S. Dept. of Justice,* No. 2:12-cv-3875, 2013 WL 754781 (N.D.Ala. Feb. 25, 2013) (Department and agencies of the United States such as the Department of Justice and FBI are not suable entities); *Brown v. FBI,* No. 08-C-484, 2008 WL 244321 (N.D. Ill. Jan. 25, 2008) (FBI is not a suable entity); *Clegg v. U.S. Treasury Dept.,* 70 F.R.D. 486, 488-89 (D. Mass. 1976) (there is no statutory authorization for jurisdiction to sue the United States Secret Service). In addition, Mr. Taylor alleges that the defendants are in the "Western District," meaning that to that extent, the defendants do not reside in this district. Therefore, this Court lacks personal jurisdiction over the defendants.

The claim against former Judge Jennifer Coffman is dismissed for failure to state a claim upon which relief can be granted because any claim against the judge in her individual capacity is barred by her judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Furthermore, the Court notes that Mr. Taylor has brought essentially the same claims in

several other district courts, all of which have been dismissed for failure to state a claim upon which relief can be granted. *See Taylor v. United States,* 1:14-cv-1223-UNA (D.C.D.C. Aug. 19, 2014) (barred by *res judicata*); *Taylor v. United States,* 3:14-cv-0287-CRS (W.D. Ky Aug. 26, 2014) (dismissed for failure to state a claim); *Taylor v. United States,* 1:14-cv-0393-EDK (Fed. Cl. May 12, 2014) (dismissed as frivolous and delusional), *aff'd,* 568 Fed.APpx. 890, 2014 WL 3827558 (Fed. Cir. Aug. 5, 2014). *See also Taylor v. United States,* 1:14-cv-11621-JGD (D. Mass.) (pending); *Taylor v. United States,* 1:14-cv-2349-LAP (S.D.N.Y.) (pending). Under the principles of *res judicata,* the relitigation of issues that were or could have been raised in prior actions is barred. There is no reason the proliferation of cases asserting the same claims in district courts across the country should be tolerated.

Mr. Taylor has not stated a viable claim against any of the defendants, meaning he has not identified any federally secured right that any defendant violated. For all of the above reasons, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II. Conclusion

Under the circumstances discussed above, the Court discerns that it would not be feasible for Mr. Taylor to show cause why the action should not be dismissed or file an amended complaint that states a claim. Therefore, the action is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. ' 1915A(b). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/6/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Stacy Taylor
#212148
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, KY  42754